LEMUEL E. DEMELMAN *vs.* D. RUSSELL BROWN *et al.*

PROVIDENCE—FEBRUARY 12, 1902.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Stockholders' Liability. Manufacturing Corporations.*

The liability imposed by Gen. Laws cap. 180, § 12, upon stockholders of manufacturing corporations, upon failure to file the certificate required by section 11 of said chapter, extends only to such persons as were stockholders when the corporation contracted the debt, or subsequent thereto, and not to one who had transferred his stock in good faith prior to the contracting of the debt.

DEBT by a creditor of a corporation against certain stockholders to enforce their liability under Gen. Laws cap. 180, § 12. Heard on petition of plaintiff for new trial, and petition denied.

DOUGLAS, J. This action is brought against two defendants who were successively stockholders in the *News* com-

pany, a corporation established under the laws of Rhode Island, to enforce their alleged liability as stockholders to pay a judgment recovered against said corporation, the certificates required by Gen. Laws cap. 180, §§ 11 and 14, never having been filed.

The case was tried before a single judge, jury trial having been waived, and he found as matter of fact that the defendant D. Russell Brown conveyed all his stock in good faith to the other defendant, Milton B. Brown, before the contracting of the debt on which the suit was based wherein the plaintiff recovered judgment against the corporation; and as matter of law that the defendant D. Russell Brown is not liable as a stockholder upon said debt.

The plaintiff petitions for a new trial on the ground that these findings are erroneous.

Upon the first question it is sufficient to say that an examination of the record does not support the contention that the finding of fact is against the evidence.

On the second question Mr. Justice Rogers, the trial judge, says :

(1)  " In my opinion, the defendant, D. Russell Brown, is not liable under the second ground urged by the plaintiff.  Gen. Laws cap. 180, § 12, provides that if any manufacturing corporation fails to file the certificate called for by section 11 of that chapter and a stockholder thereof shall not have exempted himself by filing the return provided for in section 14 of said chapter, ' all the stockholders of such company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such notice shall be given,' etc.  It seems to me that the proper reading of section 12 is not that the person who was a stockholder in 1896, or on February 15 or February 25, 1897, and who disposed of his stock subsequent thereto, but prior to the contracting of the debt, shall be liable, but only such person as was a stockholder either when the corporation contracted the debt or subsequent thereto.  To be liable he must have been a stockholder at some time at least when the corporation owed the debt.

"The analogies afforded by *Sayles* v. *Bates*, 15 R. I. 342, so far as they afford any aid, seem to me to favor the view."

We are of opinion that this construction of the statute is right.

The case referred to was concerned with the liability imposed by Rev. Stat. cap. 128, § 1, and Pub. Stat. cap. 155, § 1, upon members of incorporated manufacturing companies until the whole capital stock should have been paid in and a certificate thereof filed, and the case at bar involves the question of liability of stockholders in such a company upon failure to file certificates of the standing of the company; but the class of persons called members in the one section is the same as the class called stockholders in the other, and as it was held in that case that members who were not such at any time while the corporation owed the debt in question were not liable under section 1, we must hold in this that stockholders who were not such at any time while the corporation owed the debt are not liable under section 12. The reasoning of the cases cited in *Sayles* v. *Bates* is equally cogent in the case at bar. In *Mill Dam* v. *Hovey*, 21 Pick. 417, 453, the court decided the question of liability imposed by the section of the statute which required annual returns, and held, page 456, that a stockholder once liable under this clause could not be held for costs recovered against the corporation after he had ceased to be a stockholder.

In *Johnson* v. *Somerville D. & B. Co.*, 15 Gray, 216, one of the stockholders summoned in to answer to the judgment was held liable because his transfer of stock before the contraction of the debt was not made in effectual form. As he still continued to be a stockholder, he was held liable. It was not contended that if his transfer had been complete he would have remained under any liability as to future debts, and no case has been cited to us where such a contention has ever been made on a similar statute.

The petition for new trial is denied and dismissed, and judgment will be entered upon the decision.

*Robert W. Burbank*, for plaintiff.

*Dexter B. Potter*, for defendants.